# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NATHANIEL L. GLADNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:10cv1382 JCH |
| ) | TCM |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (Commissioner), denying Nathaniel L. Gladney's (Plaintiff) application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433. In response to Plaintiff's brief in support of his complaint, the Commissioner has filed a motion to remand. Plaintiff has no objection to the remand. The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

Plaintiff applied for DIB in January 2006, alleging he was disabled as of November 2005 by chronic otitis, chronic sinusitis, back pain, hearing loss in the right ear, and non-allergic rhinitis. (R.[1] at 120-24, 144.) His application was denied initially and after an administrative hearing at which he and a vocational expert testified. (Id. at 7-49, 60, 65-69.)

---

[1] "R" refers to the administrative record filed by the Commissioner.

The Appeals Council then denied his request for review, thereby adopting the adverse decision of the Administrative Law Judge (ALJ) as the final decision of the Commissioner. (Id. at 1-3.)

In his supporting brief, Plaintiff argues that the ALJ erred in not finding that he satisfied the requirements of Listing 12.05C for mental retardation and that the ALJ's conclusions about his residual functional capacity are not supported by substantial evidence and are drawn from his own inferences and substituted judgment. Evidence before the ALJ and before the Appeals Council indicated that Plaintiff had intelligence quotients (IQs) in the 60s and that a consulting psychologist had diagnosed him with mental retardation.

In his motion to remand, the Commissioner states that on remand the ALJ will be directed to further evaluate Plaintiff's mental condition under Listing 12.05C and to apply the Commissioner's regulatory psychiatric review technique. As noted above, Plaintiff specifically has stated that he does not object to the remand.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'"

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It should be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the motion of the Commissioner to reverse and remand be **GRANTED** [Doc. 21] and that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the motion.

The parties are advised that they have **fourteen days from this date** in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

                                                /s/ Thomas C. Mummert, III
                                                THOMAS C. MUMMERT, III
                                                UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of March, 2011.